IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ARTHUR JAMES GRIFFIN JR., | ) | 8:13CV88 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER ON A MOTION FOR** |
| TODD SCHMADERER, Omaha | ) | **APPLICATION FOR 28 U.S.C. §** |
| Police Chief, MIKE MYERS, | ) | **2241 AND SEVEN MOTIONS TO** |
| Director, and DOUGLAS COUNTY | ) | **MODIFY OR AMEND** |
| DEPARTMENT CORRECTIONS, | ) | |
| | ) | |
| Defendants. | ) | |

  This matter is before the court on a Motion for Application for 28 U.S.C. § 2241 (filing no. 52) and seven Motions to Modify or Amend (filing nos. 48, 49, 54, 55, 56, 58, and 59) filed by the plaintiff, Arthur James Griffin, Jr. ("Griffin"). For the reasons discussed below, Griffin's motions are denied.

  On May 28, 2013, I dismissed this matter and entered Judgment against Griffin for failing to comply with my orders. (Filing Nos. 41 and 42.) Thereafter, Griffin filed, and I denied, five motions to modify. (*See* Filing No. 47.) Griffin continues to file motions, most of which contain rambling narrations of fact, conclusory legal assertions, and long lists of citations. (Filing Nos. 48, 49, 52, 54, 55, 56, 58, and 59.) In addition, Griffin continues to file Notices and Requests with random newspaper clippings and copies of disciplinary misconduct reports from his institution. (*See, e.g.,* Filing Nos. 51 and 53.)

  When very liberally construed, Griffin may be seeking relief from my Judgment pursuant to Fed. R. Civ. P. 59(e). (*See* Filing Nos. 48, 49, 52, 54, 55, 56, 58, and 59.) "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence . . . . Such motions

cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *U.S. v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (internal citations and quotations omitted).

Griffin's motions have been carefully reviewed and I find that he is not entitled to relief under Rule 59. Moreover, Griffin is warned that if he continues to file meritless motions, he could be subject to sanctions, including, but not limited to, being enjoined from filing any further pleadings, motions, or other items related to this matter without prior authorization from this court. Indeed, the Eighth Circuit has held that litigants who have abused the judicial system may be enjoined from filing future litigation. *See In re Tyler*, 839 F.2d 1290, 1292 (8th Cir. 1988) (recognizing that there is "no constitutional right of access to the courts to prosecute an action that is frivolous or malicious" and that "[f]rivolous, bad faith claims consume a significant amount of judicial resources, diverting the time and energy of the judiciary away from processing good faith claims" (citations omitted)). "The Court may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process." *Id*. (citations omitted).

IT IS THEREFORE ORDERED that:

1. Griffin's Motion for Application for 28 U.S.C. § 2241 (filing no. 52), and Motions to Modify or Amend (filing nos. 48, 49, 54, 55, 56, 58, and 59), liberally construed as Motions for Relief Under Rule 59(e), are denied.

2. Griffin is warned that if he continues to file meritless motions, he could be subject to sanctions, including, but not limited to, being enjoined from filing any

2

further pleadings, motions, or other items related to this matter without prior authorization from this court.

Dated June 24, 2013.

BY THE COURT

_____
Warren K. Urbom
United States Senior District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.